**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

GLENN HAYNES,

    Plaintiff,

vs.     CASE NO. 3:11-cv-373-J-TEM

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.
_____

## O R D E R

    This case is before the Court on Plaintiff's Application for Award of Attorney's Fees and Costs Pursuant to the Equal Access to Justice Act (Doc. #30, Motion), filed on December 13, 2012. Plaintiff seeks an award of attorney fees pursuant to the Equal Access to Justice Act ("EAJA") in the amount of $2,873.64. Motion at 1. Plaintiff represents that Defendant does not oppose the requested relief. *Id.* at 2. Subsequently, on December 18, 2012, counsel for Plaintiff filed an Affidavit stating Plaintiff's net worth does not exceed two million dollars (Doc. #31).

    Counsel for Plaintiff indicates a total of 15.95 hours were expended in the representation of Plaintiff before the Court. *See* Motion, Ex. C, Affidavit of Attorney's Time, at 2. Plaintiff requests an hourly rate of $180.02 for services performed in 2011 and $181.38 for services in 2012. Motion at 2. Plaintiff is seeking a higher hourly fee than the $125 specified by statute based on the increase in the cost of living since 1996, when the attorney fee rate was last adjusted by Congress. *See* 28 U.S.C. § 2412(d)(2)(A) (permitting fee awards at rates higher than $125 per hour upon the Court's determination that cost of

living has increased). Having examined the Consumer Price Index, the Court concludes the increases in inflation justify a proportionate increase in attorney fee rates.[1] Accordingly, the Court finds the rates requested by Plaintiff should be allowed.

Plaintiff was granted *in forma pauperis* status, thus no claim for costs is made.

Therefore, it is hereby **ORDERED AND ADJUDGED:**

1. Plaintiff's Application for Award of Attorney's Fees and Costs Pursuant to the Equal Access to Justice Act (Doc. #30) is **GRANTED**.

2. The Clerk shall enter judgment in favor of Plaintiff and against Defendant in the amount of $2,873.64 for the EAJA attorney fees taxed under 24 U.S.C. § 2412(d).

3. The Court leaves it to the discretion of the government to accept Plaintiff's assignment of EAJA Fees and pay fees directly to Plaintiff's counsel after a determination that Plaintiff does not owe a federal debt. *See Astrue v. Ratliff*, 130 S.Ct. 2521, 2528-29 (2010) (establishing that any award of attorney fees under the EAJA is subject to offset by the government of any debt owed by the plaintiff to the United States)*.*

**DONE AND ORDERED** at Jacksonville, Florida this 2nd day of January, 2013.

THOMAS E. MORRIS
United States Magistrate Judge

Copies to all counsel of record

---

[1]Were these hourly rates contested, the Court's determination regarding the reasonableness might be different. The Court arrived at its conclusions, however, after visiting the following website: www.minneapolisfed.org (last visited January 2, 2013).

The Court refers to this public website for informational purposes only. The Court accepts no responsibility for and does not endorse any content found at this website. Furthermore, the Court's opinion is not affected should this website cease to be available in the future.